(R.D. 11176)

BRUCE DUNCAN CO., INC. *v.* UNITED STATES

Entry No. 243954.

(Decided June 1, 1966)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Judge: The following appeal for reappraisement, is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entry the subject of the appeal for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein:

1. That on the date of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values, ex factory, net packed.

2. That all the merchandise covered by the appeal for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of the appeal for reappraisement enumerated in the attached Schedule is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

4. That this appeal for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and hold that such statutory value is represented by the invoiced unit values, ex-factory, net packed.

Judgment will be rendered accordingly.